

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,430-02

### EX PARTE JAMARIOS LECHRISTOPHER CANTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F1017409 IN THE 145TH DISTRICT COURT FROM NACOGDOCHES COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Canton v. State*, No. 12-12-00118-CR (Tex. App. – Tyler, December 20, 2012).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to object to a defect in the indictment, failed to object to incorrect definitions

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

of "reasonable doubt," failed to object to irrelevant testimony, failed to file a motion to suppress evidence or object to the State's failure to establish a chain of custody for the evidence, failed to object to improper statements by the prosecutor during closing arguments at both the guilt/innocence and punishment stages of trial, and called a witness whose testimony was entirely unfavorable to the defense. Applicant also alleges that, because he placed it in the prison mail system before the date upon which it was due to be filed, his *pro se* petition for discretionary review was improperly dismissed as untimely.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court shall also obtain an affidavit from the supervisor of the mail room on the unit in which Applicant was held during the applicable period, stating the date upon which Applicant's *pro se* petition for discretionary review was placed into the prison mail system, whether it was properly addressed to the clerk of this Court, and the date upon which it was sent to this Court. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to the date upon which

Applicant's *pro se* petition for discretionary review was placed into the prison mail system, and as to why this Court did not receive the petition until April 5, 2013. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 8, 2014
Do not publish